## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-163 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Ian Patrick Daniels, | |
| Defendant. | |

This matter comes before the Court on the parties' joint Motion for Extension of Time to File Pretrial Motions, ECF No. 15.  The Government states that its "attempted disclosure production had technical errors that were only discovered and resolved on Monday, November 23, 2020," the motions-filing deadline.  ECF No. 15 at 1; *see* ECF No. 9 at 2.  As a result, additional time is needed for defense counsel "to review discovery and prepare any necessary motions."  ECF No. 15 at 1.  The parties request a two-week continuance of the motions-filing deadline, ECF No. 15 at 1, which necessarily results in a continuation of the other pending pretrial deadlines.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

On November 24, 2020, Chief Judge Tunheim entered General Order No. 22, which continues all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 22 (D. Minn. Nov. 24, 2020).

General Order No. 22 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 22 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.  Accordingly, should Defendant file pretrial motions, counsel for Defendant shall also file a letter indicating whether Defendant consents to a motion hearing by videoconference.

Pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

---

[2] *See also* General Order No. 19, which went into effect on September 26, 2020, and extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020).

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The Government's Motion for Extension of Time to File Pretrial Motions, ECF No. 15, is **GRANTED**.

2.      The period of time from **November 23, 2020, through January 11, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3.      All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **December 7, 2020**. D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

4.      **Should Defendant file pretrial motions, counsel for Defendant shall also file a letter on or before December 7, 2020, indicating whether Defendant consents to a motion hearing by videoconference.**

5.      Counsel shall electronically file a letter on or before **December 7, 2020**, if no motions will be filed and there is no need for hearing.

6.      All responses to motions shall be filed by **December 21, 2020**. D. Minn. LR 12.1(c)(2).

7.      Any Notice of Intent to Call Witnesses shall be filed by **December 21, 2020**. D. Minn. LR. 12.1(c)(3)(A).

8.      Any Responsive Notice of Intent to Call Witnesses shall be filed by **December 28, 2020**.  D. Minn. LR 12.1(c)(3)(B).

9.      A motions hearing will be held pursuant to Federal Rule of Criminal Procedure 12(c) where:

a.     The Government makes timely disclosures and a Defendant pleads particularized matters for which an evidentiary hearing is necessary; or

b.     Oral argument is requested by either party in its motion, objection or response pleadings.

10.     If required, *and if Defendant consents to proceed by videoconference*, **the criminal motions hearing shall take place on January 11, 2021, at 1:00 p.m., before the undersigned via Zoom.** If Defendant declines to proceed by videoconferencing, the criminal motions hearing will be continued to a date and time to be determined when the in-person hearing can be scheduled consistent with the health and safety protocols of this Court.

11.     **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for United States District Judge Nancy E. Brasel to confirm the new trial date.**

Date: November    25    , 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Daniels*
Case No. 20-cr-163 (NEB/TNL)